OLAVARRÍA ET AL., PLAINTIFFS AND APPELLEES, *v.* PORTO RICO RAILWAY, LIGHT & POWER COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action for Damages.

No. 1649.—Decided July 24, 1918.

STREET RAILROAD—SPEED—CUSTOM—NEGLIGENCE.—A street railroad company must operate its cars at such a rate of speed as under all the circumstances is reasonable and compatible with the customary use of the street or highway by pedestrians and vehicles; but in the absence of an express regulation limiting the rate of speed of street cars, the mere fact that a car is running at a rapid rate does not establish that it is being run in a negligent manner.

ID.—ID.—NEGLIGENCE—PROXIMATE CAUSE.—Mere great velocity of travel is not negligence *per se,* but some other element must concur, or at least it must be shown that the excessive speed was the proximate cause of the accident.

The facts are stated in the opinion.

*Messrs. J. H. Brown* and *Pedro Amado Rivera* for the appellant.

*Messrs. Tormes & Honoré* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

We are satisfied that of the several averments of negligence set forth in the complaint the only one that the proof tends to support is the third, namely, that the electric car was going at a great velocity. It was not alleged, and it was not clearly proved, that the motorman saw the unfortunate man in time to stop his car. The theory of the court, as displayed by its findings, was that the spot where the accident occurred was a dangerous one and hence it was the duty of the motorman to run his car at such a speed as to avoid the possibility of injury to pedestrians. Not only was there no mention in the complaint of a particularly dangerous spot, but the appellees have cited us to no jurisprudence which makes it illegal for a street car to run rapidly at a dangerous spot, particularly when it is not a public crossing. A street railroad company must operate its cars at such a rate of speed as under all the circumstances is reasonable and compatible with the customary use of the street or highway by pedestrians and vehicles; but in the absence of an express regulation limiting the rate of street cars, the mere fact that a car is running at a rapid rate does not establish that it is being run in a negligent manner. 36 Cyc. 1478, 1479. And this without particular consideration of whether the place where the unfortunate man was standing was or was not within the private right of way of the trolley. Mere great velocity of travel is not negligence *per se,* but some other element must concur, or at least it must be shown that the excessive speed was the proximate cause of the accident.

The judgment must be reversed and the case remanded.

*Reversed and remanded.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.